UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARVIN FOX, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-0466-CVE-FHM |
| | ) | |
| WEATHERFORD INTERNATIONAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant Weatherford International, LLC's (Weatherford) motion to dismiss (Dkt. # 12). Plaintiff, Marvin Fox, II (Fox) has filed a response (Dkt. # 16), and defendant has filed a reply (Dkt. # 18).

**I.**

This is an employment discrimination case. Plaintiff filed his petition on February 24, 2017 in the District Court of Tulsa County, State of Oklahoma, alleging disparate treatment based on race under 42 U.S.C. § 1981. Dkt. # 2-1. Defendant removed (Dkt. # 2) the action to this Court, which has jurisdiction under 28 U.S.C. § 1331. Venue is proper in the Northern District of Oklahoma because it embraces Tulsa County, where plaintiff filed his civil action. See 28 U.S.C. § 1441(a).

Plaintiff is an African American male and Oklahoma citizen. Dkt. # 2-1, at 2. In November 2010, he began his employment with defendant, an oil and gas servicing company, as a temporary employee. Dkt. # 2-1, at 3. In February 2011, defendant hired plaintiff as a full time permanent employee. Id. Plaintiff contends that he regularly met work expectations during the course of his employment. Id. Despite this, plaintiff maintains, defendant subjected him to disparate treatment

based on his race, which caused plaintiff to suffer loss of income and benefits, mental anguish, and other non-pecuniary losses. Id. at 3-4.

Specifically, plaintiff alleges the following:

On or about February 26, 2013, Defendant's Caucasian General Manager presented Plaintiff with a Written Warning, in which Defendant accused Plaintiff of making disrespectful and derogatory comments about a co-worker. Defendant falsely alleged that a supplier had overheard the conversation and reported Plaintiff's disrespectful language to the management team. The supplier later stated that he never heard Plaintiff make the alleged comments, nor did he make any such report to Defendant in regard to Plaintiff;

On another occasion, Plaintiff was moved from his office to accommodate white employees. Defendant assigned a white supervisor over Plaintiff. The white supervisor had less experience than Plaintiff. As such, Plaintiff was required to train the unqualified yet preferred Caucasian supervisor;

Plaintiff was not provided training or promotional opportunities compared to his similarly situated white co-workers;

Plaintiff was eventually terminated in April 2013 and replaced by a Caucasian employee;

Plaintiff is also aware of African American employees who were similarly terminated from employment with Defendant.

Id. at 3.

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id.

2

(citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**III.**

Defendant argues that the statute of limitations bars plaintiff's § 1981 claim because it was filed more than two years after the events that gave rise to it. Dkt. # 12, at 2-3. Plaintiff responds that § 1981 was amended in 1991 and the statute of limitations for certain § 1981 claims is four years. He asks the Court to deny defendant's motion to dismiss as to the statute of limitations issue. Dkt. # 16, at 1-4.

Under § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . ." Prior to 1991, the statute of limitations for a § 1981 claim was determined by reference to the law of the forum state because § 1981 does not have an express statute of limitations. Jones v. R.R. Donnelley & Sons Co., 541 U.S.

3

369, 379 (2004). The applicable statute of limitations for § 1981 claims filed in a federal district court in Oklahoma was two years, as the most analogous statute of limitations under Oklahoma law was the two year statute of limitations for claims for injury to personal rights. EEOC v. Gaddis, 733 F.2d 1373, 1377 (10th Cir. 1984). In 1989, the Supreme Court held in Patterson v. McLean Credit Union, 491 U.S. 164 (1989), that § 1981 does not provide a cause of action based on an employer's post-contract formation conduct, including wrongful termination. Congress subsequently amended § 1981 by passing the Civil Rights Act of 1991, and § 1981(b) was added to clarify that § 1981 applied to the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Prior to the passage of the Civil Rights Act of 1991, Congress had enacted 28 U.S.C. § 1658, which provides that "a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." The Tenth Circuit has determined that § 1981 claims that could have been brought only after the 1991 amendment to § 1981 are governed by the four year statute of limitations of § 1658, but claims that could have been filed before the 1991 amendment must be filed within the most analogous state statute of limitations. Harris v. Allstate Ins. Co., 300 F.3d 1183, 1190-91 (10th Cir. 2002).[1]

To support its argument that the statute of limitations for § 1981 claims is two years, defendant cites four cases: Bass v. Weir, 2016 WL 5477609, at *2 (E.D. Okla. Sep. 29, 2016); Lay v. Oklahoma Dep't of Corr., 2016 WL 4995308, at *3 (E.D. Okla. Sep. 19, 2016); Barnes v.

---

[1] Although neither party has addressed at-will employment, the Court notes that, even if defendant employed plaintiff at-will, "the employment-at-will relationship encompasses sufficient contractual rights to support § 1981 claims . . . ." Perry v. Woodward, 199 F.3d 1126, 1133 (10th Cir. 1999).

4

Wagoner Cty. Rural Water Dist. No. 4, 2016 WL 1637313, at *2 (E.D. Okla. Apr. 22, 2016); and Roberson v. Oklahoma City Pub. Sch., 2007 WL 172012, at *2 (W.D. Okla. Jan. 22, 2007). Dkt. ## 12, at 2-3; 18, at 2. None of these cases, however, controls. In Barnes, the Court did make a generalized statement that the statute of limitations for § 1981 claims is two years. 2016 WL, at *2. But this Court respectfully disagrees with that statement because the weight of authority, as discussed above, contradicts it. In Bass and Lay, the plaintiffs' claims arose under § 1983. 2016 WL, at *1; 2016 WL, at * 1. And, in Roberson, plaintiff's § 1981 claim concerned questions of contract formation, as opposed to an employer's post-contract formation conduct. 2007 WL, at * 2.

Here, plaintiff's § 1981 claim is not time-barred. The alleged incidents that gave rise to it concern defendant's post-contract formation conduct; in other words, this claim could have been brought only after the 1991 amendment to § 1981. The applicable statute of limitations, therefore, is four years. See Harris, 300 F.3d at 1190-91; 28 U.S.C. § 1658. Since plaintiff alleges that the first incident occurred on February 26, 2013, and he filed his petition on February 24, 2017, plaintiff's claim is timely.

**IV.**

Defendant argues, in one sentence, that plaintiff fails to state a § 1981(b) claim because he has not identified an impaired contractual relationship under which he had rights. Dkt. # 18, at 2. In support of this argument, defendant includes a string citation to Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006); Caddy v. J.P. Morgan Chase Bank, 237 F. App'x 343, 347 (10th Cir. 2007);[2] and Shawl v. Dillard's, Inc., 17 F. App'x 908, 911 (10th Cir. 2001). Plaintiff

---

[2] This and all other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

5

responds that his claim clearly falls within the rights protected by § 1981(b) because it is centered on defendant's interference, based on plaintiff's race, with the conditions of his employment. Dkt. #16, at 3.

Defendant's argument is unavailing. Plaintiff has identified an impaired contractual relationship under which he had rights; he was an employee of defendant, and even if his employment was at-will (a fact neither party has clarified), he would still have sufficient contractual rights to support his § 1981 claim. See Perry, 199 F.3d at 1133. Moreover, the three cases defendant lists in a string citation are inapposite: McDonald asked whether a corporation's agent had a §1981 cause of action against another organization that contracted with the corporation; Caddy assessed whether a bidder at a foreclosure sale had a § 1981 cause of action; and Shaw discussed whether a retail customer had a § 1981 cause of action. 546 U.S. at 475; 237 Fed. App'x at 37; 17 F. App'x at 909-10. Unlike the plaintiffs in those cases, it is clear that plaintiff–an employee–had a contractual relationship with defendant–his employer–and, accordingly, has a cause of action under § 1981.

**V.**

Finally, although defendant makes no argument under Twombly as to the sufficiency of plaintiff's petition, the Court satisfies itself that plaintiff's somewhat vague petition states a claim to relief that is plausible on its face.

To establish a prima facie case of race discrimination under § 1981, a plaintiff must show that (1) he belongs to a protected class; (2) he suffered an adverse employment action; and (3) the action took place under circumstances giving rise to an inference of discrimination. E.E.O.C. v. PVNF, LLC, 487 F.3d 790, 800 (10th Cir. 2007). One method by which a plaintiff can establish an

inference of discrimination is to show that the employer treated similarly situated employees more favorably. Id. at 801.

Plaintiff is a member of a protected class because he is African American. In addition, he alleges that a Caucasian general manager falsely accused him of, and issued him a written warning for, making derogatory remarks about a colleague; that he was moved from his office space to accommodate Caucasian employees; that he was assigned a Caucasian supervisor who was less experienced than he; that he was not provided the same training and promotional opportunities as compared to his Caucasian co-workers; and that he was terminated and replaced with a Caucasian employee. Accepting all of plaintiff's allegations as true, and viewing his factual allegations in the light most favorable to him, plaintiff plausibly alleges that defendant denied him opportunities for advancement, and terminated him, while treating his similarly situated Caucasian co-workers more favorably. Plaintiff's petition, therefore, satisfies Twombly.

In sum, plaintiff's § 1981 claim is timely, as it concerns defendant's post-contract formation conduct and is thus governed by a four year statute of limitations. And, plaintiff's petition alleges sufficient facts to state a claim to relief that is plausible on its face.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Dkt. # 12) is **denied.**

**DATED** this 3rd day of October, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE